UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUSTAFFA A. MANSOUR,<br>Booking No. #16137475,<br><br>        Plaintiff,<br><br>  vs.<br><br>CDCR, et al.,<br><br>        Defendants. | Case No.: 3:19-cv-01325-AJB-LL<br><br>**ORDER DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)(1)**<br><br>**[ECF No. 21]** |

   Mustaffa A. Mansour ("Plaintiff"), a state prisoner currently serving his sentence in local custody pursuant to California's Proposition 57, while incarcerated at the San Diego County Sheriff Department's East Mesa Detention Facility ("EMDF") in San Diego, California, initiated this civil rights action pursuant to 42 U.S.C. § 1983 in the Eastern District of California on May 24, 2019. (*See* "Compl.," ECF No. 1 at 1.)

## I. Procedural Background

   On July 17, 2019, the Honorable Edmund F. Brennan transferred the case to the Southern District of California in the interests of justice pursuant to 28 U.S.C. § 1404(a). (*See* ECF No. 8.) Judge Brennan did not rule on Plaintiff's pending Motion to Proceed *In*

*Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 5), or conduct the mandatory initial screening of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) and/or § 1915A before the transfer.

Therefore, on September 18, 2019, this Court granted Plaintiff leave to proceed IFP, screened his Complaint, and dismissed it *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (*See* ECF No. 15.) The Court granted Plaintiff 45 days leave in which to file an amended complaint that addressed all the deficiencies of pleading it identified. (*Id.* at 6-11); *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted)).

On November 5, 2019, just as his amended complaint was due, Plaintiff filed a letter addressed to the Court, repeating some of the same allegations included in his original pleading, and requesting an extension of time in which to amend. (*See* ECF No. 17 at 1-3.) On November 12, 2019, the Court granted Plaintiff's request, reminding him of the need to cure his previous pleading's deficiencies, and directing him to "simply allege the facts that entitle him to relief" and identify a legal cause of action that might plausibly entitle him to relief. (*Id.* at 3.)

In response, Plaintiff filed another letter addressed to the Court, *see* ECF No. 20, followed by another adding "a little more about my complaint." (See ECF No. 21). The Court will now liberally construe these two documents together as Plaintiff's Amended Complaint. *See Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) ("A pro se complaint must be liberally construed, since a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).

## II.    Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like

Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*, 203 F.3d at 1126-27 (citing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

## A.  Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal v. Ashcroft*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

## B. Allegations in Plaintiff's Letters / Amended Complaint

Plaintiff continues to claim, as he did in his original Complaint, that he is serving a state local prison term for a "non-violent offense under AB 109 PC 1170(h)" and that San Diego County Sheriff William D. Gore, "State of California law makers," the former Governor, and CDCR are denying him equal protection because the county jails are overcrowded, and do not offer the same rehabilitative programs, contact visits, or "33%" custody credits available to prisoners who were not sentenced under "Prop. 57."[1] (*See* ECF No. 20 at 1-5; ECF No. 21 at 1-3.)

---

[1] Proposition 57, otherwise known as the Criminal Justice Realignment Act of 2011, "significantly change[d] the punishment for some felony convictions" in California. *People v. Scott*, 58 Cal. 4th 1415, 1418 (2014); *see also Mainez v. Gore*, 2017 WL 6453595, at *1 (S.D. Cal. Dec. 18, 2017). As relevant here, the Act shifted responsibility for housing and supervising certain felons from the state to the individual counties. *See* Cal. Penal Code § 1170(h). Thus, "once probation has been denied, [California] felons who are eligible to be sentenced under realignment … serve their terms of imprisonment in local custody rather than state prison." *People v. Cruz*, 207 Cal. App. 4th 664, 671 (2012).

## C.     42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

## D.     Equal Protection

Plaintiff's amended pleadings continue to suffer from the same deficiencies as his original Complaint. Specifically, his suit still appears to challenge the application of Proposition 57 to the circumstances of his confinement and his commitment to local custody as a non-violent offender, and he continues to object to the denial of the "33%" custody credits and to the lack of "early release" opportunities available to "offenders in CDCR" as a violation of equal protection. (*See* Compl. at 3, 6.)[2]

---

[2] After Proposition 57 was passed in November 2016, "the CDCR issued new regulations that governed the ability of inmates to earn custody credits to advance their parole dates." *Rodriguez v. Kernan*, 2019 WL 3425335, at *2 (E.D. Cal. July 30, 2019) (citing *People v. Contreras*, 4 Cal.5th 349, 374 (2018), *as modified* (Apr. 11, 2018)). Newly implemented section 3043.2, entitled Rehabilitative Achievement Credit, provides that "'[o]ne day of credit for every two days of incarceration (33.3%) shall be awarded to an inmate sentenced under the Three Strikes Law, under subdivision (c) of section 1170.12 of the Penal Code, or under subdivision (c) or (e) of section 667 of the Penal Code, *who is not serving a term for a violent felony as defined in subdivision (c) of section 667.5 of the Penal Code*.'" *Mustafaa v. Davis*, No. 19-CV-04105-EMC, 2019 WL 6771794, at *1 (N.D. Cal. Dec. 12, 2019) (quoting 15 Cal. Code Regs. § 3043.2(b)(3)) (emphasis original). The award of such good conduct time credits "shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole." 15 Cal. Code Regs. § 3043.2(b). Thus, while Plaintiff does not specify whether his prison sentence is determinate or indeterminate, and does not expressly seek either his early release or to advance his parole date, he does appear to claim that the

The Fourteenth Amendment's Equal Protection Clause requires only that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).

As the Court noted in its previous screening Order, the Constitution does not require individuals who are, in fact, differently situated, to be treated equally under the law. *Michael M. v. Superior Court of Sonoma County*, 450 U.S. 464, 469 (1981) (citations omitted); *Klinger v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994) ("Dissimilar treatment of dissimilarly situated persons does not violate equal protection). Thus, absent threshold allegations that Plaintiff is similarly situated to others who allegedly receive what he perceives as more favorable treatment, he fails to state a plausible equal protection claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Michael M.*, 450 U.S. at 469 (citations omitted). "The Equal Protection Clause does not forbid classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *Hernandez v. Cate*, 918 F. Supp. 2d 987, 1005-06 (C.D. Cal. 2013).

---

Fourteenth Amendment entitles him to the same § 3043.2 custody credit earning opportunities as a "CDCR offender." (*See* ECF No. 21 at 3.) Most courts have concluded that this type of claim, while it could potentially affect the timing of a parole release consideration hearing, still falls outside of the "core of habeas corpus" and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983 rather than in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-28 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 645 (2017); *Blanco v. Asuncion*, No. 18CV2005-JLS(KSC), 2019 WL 2144452, at *3 (S.D. Cal. May 16, 2019), *report and recommendation adopted sub nom. Blanco v. Diaz*, No. 18-CV-2005 JLS (KSC), 2019 WL 3562215 (S.D. Cal. Aug. 6, 2019), *reconsideration denied*, No. 18-CV-2005 JLS (KSC), 2020 WL 619241 (S.D. Cal. Feb. 10, 2020); *Bisel v. Kernan*, No. 1:18-CV-00090-DAD-JLT PC, 2019 WL 1508062, at *3 (E.D. Cal. Apr. 5, 2019).

Thus, to state an Equal Protection claim, the Court advised Plaintiff that he must allege that Defendants intentionally discriminated against him based on his membership in a protected class. *Hartmann*, 707 F.3d at 1123; *Furnace*, 705 F.3d at 1030; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003). But Plaintiff still fails to make any such allegation, and "neither prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." *United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011); *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999) ("[P]risoners are not a suspect class...."); *United States v. Smith*, 818 F.2d 687, 691 (9th Cir. 1987) ("[P]ersons convicted of crimes are not a suspect class.").

The Court further advised Plaintiff that if no suspect class or fundamental right is implicated, equal protection claims like his are subject to a rational basis review. *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012); *Nelson v. City of Irvine*, 143 F.3d 1196, 1205 (9th Cir. 1998) ("Unless a classification trammels fundamental personal rights or implicates a suspect classification, to meet constitutional challenge the law in question needs only some rational relation to a legitimate state interest."). In the prison context, the right to equal protection is viewed through a standard of reasonableness; that is, whether the actions of prison officials are "reasonably related to legitimate penological interests." *Walker v. Gomez*, 370 F.3d 969, 974 (9th Cir. 2004) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

In his amended pleadings, Plaintiff continues to claim he is being denied "equal treatment" because he is not provided the same opportunities to participate in substance abuse, behavior modification, and rehabilitative job training programs as "CDCR inmates," and unlike them, is ineligible for contact visitation privileges. *See* ECF No. 20 at 3-4, ECF No. 21 at 2-3. But these purported differences nevertheless fail to state an equal protection claim because Plaintiff still does not explain how he is similarly situated to CDCR inmates and does not allege there is no rational basis for treating prisoners who have been sentenced pursuant to Proposition 57 differently. "The Constitution permits qualitative differences in meting out punishments and there is no requirement that two persons convicted of the same

offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970). "Inmates are not entitled to identical treatment as other inmates merely because they are all inmates." *McQuery v. Blodgett*, 924 F.2d 829, 834–35 (9th Cir. 1991) (citing *Norvell v. Illinois*, 373 U.S. 420 (1963)).

Therefore, mere allegations of inequality are insufficient to establish a violation of the equal protection clause. *Id.*; *see also McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973) (applying rational basis review to state statutory scheme that treated inmates held in county facilities differently than those held in state facilities); *see also Sigur v. California Dep't of Corr. & Rehab.*, 2018 WL 2734918, at *4 (E.D. Cal. June 7, 2018) (dismissing claims that defendants treated non-violent sex offenders differently under Proposition 57 pursuant to 28 U.S.C. § 1915A on equal protection grounds); *Mason v. Holt*, 2016 WL 6136076, at *7 (E.D. Cal. Oct. 21, 2016) (dismissing finding Proposition 57 prisoner's equal protection challenge with regard to eligibility for work credits because the distinctions made between county and prison custody credits as a result of realignment are "not arbitrary and bear a rational relationship to a legitimate government interest."); *People v. Lara*, 54 Cal. 4th 896, 906 (2012) ("[P]risoners who serve their pretrial detention before … [Proposition 57's] effective date, and those who serve their detention thereafter, are not similarly situated."); *Cruz*, 207 Cal. App. 4th at 680 (holding that "[t]he distinction drawn by section 1170, subdivision (h)(6), between felony offenders sentenced before, and those sentenced on or after, October 1, 2011, does not violate equal protection.").

For these reasons, and based on this precedent, the Court finds Plaintiff's amended pleadings continue to fail to state a claim upon which § 1983 relief can be granted and must be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004; *see also Stephens v. Kunz*, No. CV 19-1008-AB (KS), 2019 WL 6649021, at *4 (C.D. Cal. Sept. 18, 2019), *report and recommendation adopted*, No. CV 19-1008-AB (KS), 2019 WL 6700938 (C.D. Cal. Dec. 6, 2019) (dismissing prisoner's Proposition 57 equal protection claims pursuant to Fed. R. Civ. P. 12(b)(6) without leave to amend because he "presented no factual allegations

indicating that Defendant treated similarly situated inmates differently from [him], much less any factual allegations to support a plausible inference that any difference in treatment had no rational basis.").

### E. Leave to Amend

Plaintiff has already been provided a short and plain statement of his pleading deficiencies, and while given both the opportunity and an extension of time in order to address them in an amended pleading, has nevertheless failed to do so. Therefore, the Court concludes further attempts to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## III. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action *sua sponte* without further leave to amend for failure to state a claim upon which § 1983 relief can be pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and to close the file.

**IT IS SO ORDERED**.

Dated: March 21, 2020

Hon. Anthony J. Battaglia
United States District Judge